UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MUHAMMAD KHAN,

          Plaintiff,

    v.

DOES 1-20,

          Defendant.

Case No. 25-cv-06424-HSG

**ORDER OF DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

Re: Dkt. No. 17

Plaintiff, a former California state prisoner who is now on parole in Virginia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 regarding prison conditions at Correctional Training Facility ("CTF") in Soledad where he was formerly incarcerated.  His first amended complaint (Dkt. No. 17) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

United States District Court
Northern District of California

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    First Amended Complaint**

The first amended complaint sues Jane Doe 1, who is described as the culinary staff member in charge of supervising inmate workers; and Does 2-20, who Plaintiff states are "as yet unknown and their identity will be ascertained during the course of the suit." Dkt. No. 17 at 1.

The first amended complaint makes the following factual allegations regarding Jane Doe 1. On or around October 2023, Plaintiff was assigned to work in the kitchen. Due to Plaintiff's disabilities and physical limitations, Plaintiff worked as a table wiper, which involved wiping tables and removing trash after inmates had eaten. Plaintiff has medical chronos that limit lifting and standing for long periods of time. Custody staff can access these chronos. Between October 2023 and January 2024, Plaintiff informed Jane Doe 1 that he has had leg surgery and is limited as to what he can do in the kitchen; that he does not want to get injured working on the line; and that he does not have proper footwear for working on the line. In January 2024, Jane Doe 1 told Plaintiff that he had to work on the line. Plaintiff responded that he had work limitations that prevented him working on the line; that he lacks proper shoes for working on the line; that he is awaiting medical boots and his current medical shoes are slippery; and that the rubber mats had been removed from the line. Jane Doe 1 responded that Plaintiff did not need the medical shoes and that he needed to work on the line. Because Jane Doe 1 threatened Plaintiff with a rules violation if he refused to work on the line, Plaintiff began working on the line. A few weeks later, Plaintiff fell and was injured while working on the line. Plaintiff suffered bruising on his ribs,

United States District Court
Northern District of California

arm, leg, and left knee, which resulted in difficulty walking and breathing for several weeks.  After this injury, Plaintiff was placed on work leave.  Around April 2025, Plaintiff was seen by a specialist out of custody who diagnosed Plaintiff with permanent injuries on his knee, including tendonitis and bone spurs.

The first amended complaint makes the following factual allegations regarding all defendants.  Defendants removed all rubber floor mats to make movements more efficient despite knowing that it violated workplace safety requirements and put inmates at risk of injury.  Defendants failed to place signs indicating that the floor was slippery, and the kitchen floor was improperly and inadequately cleaned.  The kitchen floors are slippery and multiple inmates have fallen.

The first amended complaint alleges that Defendants were deliberately indifferent to Plaintiff's health and safety in violation of the Eighth Amendment when they made Plaintiff work on the line despite his work limitations and lack of proper footwear, and when they removed the rubber mats from the line floor.

## C.    Screening First Amended Complaint

Liberally construed, the first amended complaint's allegation that Jane Doe 1 forced Plaintiff to work on the line despite being aware that Plaintiff's work limitations prevented him from standing for long periods of time, that Plaintiff lacked proper footwear, that the rubber mats had been removed from the line, that the floors are slippery, and that other inmates have fallen states a cognizable Eighth Amendment claim against Jane Doe 1.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official liable under Eighth Amendment for denying inmate humane conditions of confinement where official knows of and disregards an excessive risk to inmate safety).  The first amended complaint does not state an Eighth Amendment claim against the remaining Doe defendants because there are no allegations that these Doe defendants were aware of Plaintiff's specific limitations or that Jane Doe 1 had required Plaintiff to work on the line.  *Id.* (to state Eighth Amendment claim, "[prison] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

3

However, this action cannot proceed because Plaintiff has only named Doe defendants. The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively impossible for the United States Marshal to serve an anonymous defendant.  If the defendant cannot be served, the case cannot move forward and the case must be dismissed.  *See* Fed. R. Civ. P. 4(m) (court must dismiss action without prejudice if defendant is not served within 90 days after complaint filed); *Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided United States Marshal with sufficient information to effectuate service).

Accordingly, within twenty-eight (28) days of the date of this order, Plaintiff must provide the Court with the name of Jane Doe 1, or face dismissal of this action without further notice to Plaintiff.

### CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1.      The first amended complaint states a cognizable Eighth Amendment claim against Jane Doe 1.   The Court DISMISSES the claims against Does 2-20.

2.      Within twenty-eight days of the date of this order, Plaintiff shall provide the Court with the name of Jane Doe 1, or face dismissal of this action without further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated:  6/2/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

4